**THE SALDARRIAGA LAW FIRM**
Attorneys and Counselors at Law
275 Madison Avenue, Suite 2300
New York, New York 10016
(212) 682-4904

VICTOR H. SALDARRIAGA*                                                                                                         Facsimile (212) 682-8978
*Admitted in NY & NJ                                                                                                            E-Mail   vhslaw@aol.com

———
Counsel
JASMINE HAHN

**BY ECF**

September 8, 2023

Hon. John G. Koeltl, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

                      Re:    *Noel Espiritu v. JP Cleaning and Maintenance Service, Inc. , et al.*
                              Case No.: 23 CV 05877 (JGK)

Dear Judge Koeltl:

      Our firm represents the Defendant JP Cleaning and Maintenance Service, Inc. ("JP") in this action. Pursuant to Rule II-B of Your Honor's Individual Rules of Practice, Defendant JP respectfully requests a pre-motion conference to address their anticipated motion(s)[1]: (i) to dismiss the Noel Espiritu's ("Plaintiff") Complaint since the action against JP is time-barred; (ii) to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P.12(b)(6); and (iii) to strike Plaintiff's collective and class allegations under Fed. R. Civ. P. 12(f).

      By way of background, Defendant JP is a maintenance company which maintains a principal place of business at 30-23 89th Street, East Elmhurst, New York 11369. (*See* Compl ¶ 10). Co-Defendant Jorge Perez ("Perez") is an individual who allegedly is an owner, officer and/or agent of Defendant JP. (*See* Compl ¶ 18). However, Co-defendant Perez is not, and never has been, an owner, officer and/or agent of Defendant JP.

      At all relevant times, Plaintiff - who contends he was not paid for certain time worked in accordance with the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") - was allegedly an employee of Defendant JP. (*See* Compl ¶ 6). However, Plaintiff is not, and never has been, employed by Defendant JP.

      An action under the FLSA has a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C.A. § 255(a). In a collective action suit such as this, the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that

---

[1] On August 10, 2023, the Court granted Defendant JP's application [Docket Item #9] extending the time for Defendant JP to serve a responsive pleading or make a motion as to the Complaint until September 8, 2023.

Hon. John G. Koeltl, U.S.D.J.
September 8, 2023
Page 2

plaintiff files the written consent form opting into the suit. *See Contrera v. Langer*, 278 F. Supp. 3d 702, 722–23 (S.D.N.Y. 2017). Here, assuming *arguendo*, Plaintiff claims that he left the Defendant JP in May of 2018 (*See* Compl ¶ 7), while this action was not filed until July 10, 2023, so it is outside even the three-year statute of limitations. Moreover, other than reciting legal elements of an alleged failure to post *(See* Compl ¶ 40), Plaintiff has not alleged any affirmative deception by the Defendant JP such that he has been prevented in some extraordinary way from exercising his rights under the FSLA. Nor has Plaintiff plead any facts that he has exercised reasonable care and due diligence in pursuing his claim. Thus, we respectfully request leave to move to dismiss any and all of the FLSA claim(s), and that the Court under 28 U.S.C. § 1367(c)(3), not exercise of supplemental jurisdiction over Plaintiff's remaining state law claims if it has dismissed all claims over which it has original jurisdiction. The Second Circuit counsels against exercising supplemental jurisdiction in such a situation: " '[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.' " *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) (quoting *Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991) ).

Moreover, even assuming *arguendo* that Plaintiff could plead a claim against JP, the allegations in the Complaint are deficient. Initially, Plaintiff has failed to adequately plead his claims for violations of the FLSA and NYLL. Plaintiff generally alleges that he "regularly worked worked for the Defendants in excess of forty (40) hours per week," but that he was not paid for all time worked. (*See* Compl ¶ 37). Plaintiff does not, however, allege his work schedule, or even provide a single instance on which he purportedly was not paid for time worked. Plaintiff has failed to allege or estimate how many hours he worked, and how many hours were uncompensated. The Second Circuit has expressly held that nearly identical generalized allegations are deficient and subject to dismissal. *See, e.g., Dejesus v. HF Mgmt. Servs. , LLC,* 726 F.3d 85, 89 (2d Cir. 2013); *see also Serrano v. I. Hardware Distrib., Inc.,* 2015 WL 4528170, at *3 (S .D.N.Y. July 27, 2015); *Bustillos v. Acad. Bus, LLC1* 2014 WL 116012, at *3 (S.D.N.Y. Jan. 13, 2014). The result should be no different here.

Additionally, Plaintiffs collective and class-based claims should be stricken. In the first instance, the alleged putative class and collective are unsustainable as plead, in that they seek to represent all employees in New York State who are employed by Defendant JP. (*See* Compl ¶ 45). Plaintiff cannot possibly hope to maintain claims on behalf of persons employed by Defendant JP when he was never so employed; nor offers any factual allegations of specific instances of purportedly unlawful conduct (as required by the Second Circuit), identify the policies and practices at issue, and plead that he personally witnessed other members of the putative class or collective being subjected to the same or substantially similar wage payment practices, and courts routinely dismiss claims in such circumstances. *See, e.g. ,Reynolds v. Lifewatch, Inc.,* 136 F. Supp. 3d 503, 511 (S.D.N.Y. 2015) *(quoting Mayfield v. Asta Funding,* 95 F.Supp.3d 685, 696 (S.D.N.Y. 2015)) (motion to strike class allegations properly "granted if a defendant ' demonstrate[s] from the face of the [c]omplaint that it would be impossible to certify the alleged class regardless of the facts [the] [p ]laintiffs may be able to obtain during discovery'"). Beyond this, Plaintiffs class and collective claims are nothing more than an amalgam of conclusory allegations of "patterns," "policies" and "practices," which do no more than recite legal elements without setting forth any single factual

Hon. John G. Koeltl, U.S.D.J.
September 8, 2023
Page 3

allegations. Such generalized class and collective allegations plainly fail to meet even the most basic pleading requirements demanded by the Supreme Court. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). Thus, Plaintiff's class and collective action claims should be dismissed.

  Based on the foregoing, Defendant JP respectfully requests that the Court hold a preliminary motion conference at its convenience to address the foregoing anticipated motions. We thank Your Honor in advance for the Court's attention to this matter.

                Respectfully submitted,

                Victor H. Saldarriaga

cc: **By ECF**
   Joshua Levin-Epstein, Esq.
   Counsel for Plaintiff(s)