UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Noel Espiritu,

                          *Plaintiff*,

          - *against* -

JP Cleaning & Maintenance Service Inc., and Martha Arias,

                         *Defendants*.
---------------------------------------------------------------X

Case No.: 23-cv-05877

**Jury Trial Demanded**

**FIRST AMENDED COMPLAINT**

Plaintiff Noel Espiritu ("Plaintiff" or "Espiritu") by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this first amened complaint against Defendants JP Cleaning & Maintenance Service Inc., (the "Corporate Defendant"), and Martha Arias (the "Individual Defendant", and together with the Corporate Defendant, the "Defendants"), and states as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this lawsuit seeking recovery against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2.    Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF NOEL ESPIRITU**

6. Plaintiff Espiritu was employed as a cleaning personnel at Defendants' cleaning & maintenance services company located at 30-23 89th Street East Elmhurst, NY, 11369 ("JP Cleaning & Maintenance").

7. Plaintiff Espiritu was employed as a non-managerial employee at JP Cleaning & Maintenance from approximately January 2018 to, through and including May 2018.

8. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

9. At all relevant times, Plaintiff has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT JP CLEANING & MAINTENANCE SERVICE INC.**

10. Upon information and belief, Defendant JP Cleaning & Maintenance Service Inc. maintains a principal place of business at 30-23 89th Street East Elmhurst, NY, 11369.

11. From approximately January 2018 to, through and including May 2018, Plaintiff performed services for JP Cleaning & Maintenance across multiple locations throughout New York, including, *inter alia*:

    a. 260 West 39th St., 19th Floor
New York, NY 10018

    b. 67 Gansevoort St.
New York, NY 10014

    c. 33 West 19th St., Unit #4
New York, NY 10011

    d. 795 Madison Ave.
New York, NY 10065

    e. 29 East 60th St
New York, NY 10022

12. At all times relevant to this Complaint, Defendant JP Cleaning & Maintenance Service Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

13. At all times relevant to this Complaint, Defendant JP Cleaning & Maintenance Service Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

14. At all times relevant to this Complaint, Defendant JP Cleaning & Maintenance Service Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

15. Defendant JP Cleaning & Maintenance Service Inc. possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the

3

employment and compensation of Plaintiff.

16. Defendant JP Cleaning & Maintenance Service Inc. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT MARTHA ARIAS**

17. Defendant Martha Arias is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

18. Defendant Martha Arias is sued individually and in her capacity as an owner, officer and/or agent of the Corporate Defendant.

19. Defendant Martha Arias possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

20. Defendant Martha Arias determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

21. At all times relevant to this Complaint, Defendant Martha Arias was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

22. Defendants own, operate and/or control JP Cleaning & Maintenance.

23. The Individual Defendant possesses operational control over the Corporate Defendant, possesses an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant.

24. Defendants are associated and joint employers, act in the interest of each other

with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

26. Defendants jointly employed Plaintiff, and are Plaintiff's employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff.

28. Upon information and belief, the Individual Defendant operates the Corporate Defendant as either an alter ego of themselves, and/or fail to operate the Corporate Defendant as an entity legally separate and apart from themselves, by, among other things:

    a. failing to adhere to the corporate formalities necessary to operate the Corporate Defendant as a separate and legally distinct entity;

    b. defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    c. transferring assets and debts freely as between all Defendants;

    d. operating the Corporate Defendant for their own benefit as the majority shareholders;

    e. operating the Corporate Defendant for their own benefit and maintaining control over it as a closed corporations or a closely controlled entity;

    f. intermingling assets and debts of their own with the Corporate Defendant;

    g. diminishing and/or transferring assets of the Corporate Defendant to protect their own interests; and

      h.      other actions evincing a failure to adhere to the corporate form.

      29.      At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

      30.      Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

      31.      Plaintiff was an employee of Defendants.

      32.      Plaintiff was employed as a cleaning personnel at JP Cleaning & Maintenance.

      33.      From approximately January 2018 through and including May 2018, Plaintiff seven (7) days per week, as follows, Mondays, from approximately 7:00 a.m. to 9:30 a.m., and again from 6:00 p.m. to 1:00 a.m. (*i.e.,* 9.5 hours per day), Fridays, from approximately 7:00 a.m. to 9:30 a.m., and again from 6:00 p.m. to 1:00 a.m. (*i.e.,* 9.5 hours per day), and the remaining five (5) days of the week, from 6:00 p.m. to 1:00 a.m. (*i.e.,* 7 hours per day), for a total period of approximately 54 hours during each of the weeks, respectively.

      34.      From approximately January 2018 through and including May 2018, Defendants paid Plaintiff $11 for all hours worked.

      35.      Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

      36.      At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

      37.      Plaintiff was not required to keep track of his time, nor to his knowledge, did the

Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

38. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

39. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

40. Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

41. Defendant's failure to provide accurate wage notices and accurate wage statements denied Plaintiff their statutory right to receive true and accurate information about the nature of their employment and related compensation policies.

42. Moreover, the breach of Defendants' obligations injured Plaintiff by denying them the right to know the conditions of their compensation and resulted in the underpayment of wages averred above.

43. To accomplish their business goals, Defendants intentionally withheld pay statements from Plaintiff, and failed to pay Plaintiff, legally required wages under the FLSA and NYLL, including minimum wage and overtime.

44. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

45. Defendants willfully violated the FLSA and NYLL by knowingly and intentionally withholding Plaintiff's minimum wages, and overtime.

46. Defendants willfully disregarded and purposefully evaded recordkeeping

requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

47. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

48. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

49. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

50. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

51. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

52. At all relevant times to this action, Plainitff is a covered, non-exempt employees within the meaning of the FLSA.

53. Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

54. Defendants failed to pay Plaintiff the overtime wages to which they are entitled

under the FLSA.

55. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

56. Due to Defendants' willful violations of the FLSA, Plaintiff is entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

57. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

58. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 et seq.

59. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

60. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

61. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

62. Plaintiff is a covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

63. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

64. Defendants failed to pay Plaintiff the overtime wages to which they are entitled under the NYLL.

65. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

66. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

67. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

68. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

69. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

70. Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SIXITH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

71. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

72. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

73. As a result of Defendant's violation of the WTPA, Plaintiff are entitled to damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

b. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

c. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

d. awarding Plaintiff unpaid minimum wages;

e. awarding Plaintiff unpaid overtime wages;

f. awarding Plaintiff liquidated damages in an amount equal to the total amount of

        wages found to be due;

g.     awarding unpaid wages under the NYLL and the New York State contract law;

h.     awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

i.     awarding Plaintiff pre- and post-judgment interest under the NYLL;

j.     awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

k.     Such other relief as this Court deems just and proper.


Dated: New York, New York
       October 6, 2023                       Respectfully submitted,

                                              LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                              By: /s/ Joshua Levin-Epstein
                                                   Joshua Levin-Epstein
                                                   Jason Mizrahi
                                                   60 East 42nd Street, Suite 4700
                                                   New York, New York 10165
                                                   Tel: (212) 792-0046
                                                   Email: Joshua@levinepstein.com
                                                   *Attorneys for the Plaintiff*